UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-07519-MBK | | October 5, 2026 |
| Title | Ronnell Sims v. Ford Motor Company, et al. | | |

| | |
|---|---|
| Present: The Honorable | Michael B. Kaufman, United States Magistrate Judge |

| | |
|---|---|
| James Muñoz | N/A |
| Deputy Clerk | Court Smart / Recorder |
| Attorney Present for Plaintiff: | Attorney Present for Defendants: |
| N/A | N/A |

**Proceedings:** **MOTION FOR REMAND TO STATE COURT (DKT. 5)**

Pending before the Court is Plaintiff Ronnell Sim's Motion to Remand to State Court. Dkt. 5. For the reasons that follow, the Motion is denied.

## I. Factual and Procedural History

Plaintiff Ronnell Sims filed this civil action against Defendant Ford Motor Company and unnamed Doe Defendants in the Superior Court of California, County of Los Angeles, on May 8, 2026. Plaintiff filed a First Amended Complaint ("FAC"), the operative complaint in this matter, on June 9, 2026. Dkt. 1-2 at 6-54.

The FAC sets forth the following allegations. On March 27, 2025, Plaintiff leased a 2025 Ford Escape Hybrid (the "Vehicle") from Sunrise Ford of North Hollywood in North Hollywood, California. *Id*. at 7. The lease included a "Bumper to Bumper" warranty that lasts three years or up to 36,000 miles, as well as a Powertrain warranty. *Id*. at 8-9.

Plaintiff alleges that certain Ford hybrid vehicles, including the 2025 Ford Escape Hybrid, have a defect that, among other issues, can cause a "block breach" and eject significant quantities of engine oil and/or fuel vapor, which can cause the vehicle to stall, smoke, and catch fire. *Id*. at 11-12. Ford has been aware of this defect since at least 2020, but continues to sell and lease vehicles with the defect. *Id*. Ford has not notified its customers of the defect or offered a suitable repair or replacement free of charge. *Id*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-07519-MBK | | October 5, 2026 |
| Title | Ronnell Sims v. Ford Motor Company, et al. | | |

Beginning on August 14, 2025, Plaintiff presented the Vehicle to Defendants for repairs related to squeaking brakes. *Id*. at 15. Plaintiff also presented the Vehicle to an authorized repair facility to perform a recall related to a potentially defective battery cell on February 28, 2026. *Id*. A service technician informed Plaintiff that the Vehicle was operating as intended and was safe. *Id*. at 15-16. Plaintiff again presented the Vehicle to an authorized repair facility on March 20, 2026, and requested performance of the recall of the potentially defective battery cell. *Id*. at 16. A technician again informed Plaintiff that the Vehicle was operating as intended and safe. *Id*.

Plaintiff alleges that the Vehicle continues to experience problems, including issues related to the engine defect. Plaintiff claims that, had Defendants not concealed the defect prior to the point of leave, he would have paid less for the Vehicle or would have leased a non-hybrid version of a Ford truck, which is significantly less expensive. *Id*. at 16.

The FAC includes the following causes of action: (1) Breach of Implied Warranty of Merchantability under the Song-Beverly Act; (2) Failure to Repair under the Song-Beverly Act; (3) Breach of Express Warranty under the Song-Beverly Act; (4) Fraudulent Concealment; (5) and Violation of Civil Code Section 1750 et seq. of the Consumers Legal Remedies Act. *Id*. at 40-51. Among other remedies, Plaintiff seeks compensatory damages, civil penalties under the Song-Beverly Act not to exceed two times the actual damages, punitive damages, and injunctive relief. *Id*. at 52.

On July 8, 2026, Ford filed its Answer to the FAC. Dkt. 1-3. Two days later, on July 10, 2026, Ford filed a Notice of Removal in the Court, removing the action to federal court pursuant to 28 U.S.C. §§ 1332, 1446. Dkt. 1. In its Notice, Ford claims that, based on its preliminary investigation, a diversity of citizenship exists between the parties because it appears that "the sole named defendant is a citizen of Delaware and Michigan, while Plaintiff is a citizen of California." *Id*. at 3. Ford further claims that the amount in controversy exceeds $75,000, based on a "plausible estimate of actual damages of $38,557.47," civil penalties of two times the actual damages, and an estimate of $5,000 in attorney's fees. *Id*. at 5-6.

This matter was assigned to the undersigned Magistrate Judge on July 15, 2026. Dkt. 3. After neither party declined consent, the parties were deemed to have consented to proceed before a Magistrate Judge for all purposes pursuant to Local Rule 73-2. Dkt. 4.

Plaintiff filed the instant Motion to Remand to State Court on August 5, 2026. Dkt. 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-07519-MBK | | October 5, 2026 |
| Title | Ronnell Sims v. Ford Motor Company, et al. | | |

Ford filed an opposition on August 12, 2026, and Plaintiff filed a reply on August 19, 2026. Dkt. 6, 7. The Court held a hearing on the Motion on September 2, 2026, after which it took the Motion under submission. Dkt. 8.

**II. Legal Standard**

Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal court only if the federal courts have subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "[A]ny doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

Here, Defendant claims that the federal courts have diversity jurisdiction over this case. Courts have diversity jurisdiction where there is complete diversity of parties and the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest and costs...." 28 U.S.C. § 1332(a). "[T]he defendant seeking removal bears the burden to show by a preponderance of the evidence that" the elements of diversity jurisdiction have been met. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

**III. Discussion**

Plaintiff argues that Defendant has not met its burden to establish that the parties are diverse and that the amount-in-controversy exceeds $75,000. Dkt. 5 at 6-8.

**A. Diversity of Citizenship**

A defendant may remove an action to federal court based on diversity jurisdiction "provided that no defendant 'is a citizen of the State in which such action is brought.'"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-07519-MBK | | October 5, 2026 |
| Title | Ronnell Sims v. Ford Motor Company, et al. | | |

*Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (quoting 28 U.S.C. § 1441(b)). An individual is a citizen of the state where he or she is domiciled. This means the state where the person resides with the intent to remain or the place to which he or she intends to return. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "[A] corporation ... [is] ... deemed ... a citizen of any state by which it has been incorporated and of the state where it has its principal place of business." 28 U.S.C. § 1332(c). A corporation's "principal place of business" refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). This is commonly known as the "nerve center." *Id*. at 92-93. "[I]n practice it should normally be the place where the corporation maintains its headquarters." *Id*.

Plaintiff argues that Defendant has not met its burden to show complete diversity between the parties. Dkt. 5 at 8. In its Notice of Removal, Defendant claims that it "was (and still is) a Delaware corporation with its principal place of business in Michigan and, thus, for jurisdictional purposes, a citizen of those two states." Dkt. 1 at 3. Defendant further states "preliminary investigation concluded that Plaintiff resided in California when they purchased the Subject Vehicle, and on other occasions, establishing a plausible basis for intent to remain in California thus providing a plausible basis for citizenship." *Id*. In opposition to the Motion, Defendant attaches the Lease Agreement, which identifies Plaintiff's address in Van Nuys, California. Dkt. 6-3. Defendant also attaches service records for the subject vehicle from Sunrise Ford of North Hollywood in North Hollywood, California, which list Plaintiff's address as the same Van Nuys address listed on the Lease Agreement. Dkt. 6-2.

Plaintiff argues that the Court cannot consider the evidence submitted in Defendant's Opposition because "Defendant failed to include this evidence in the Notice of Removal and should not be permitted to add new evidence in its Opposition to a Motion for Remand." Dkt. 7 at 4. But "the fact that the party removing a case to a federal district court has the burden of proving that the district court has jurisdiction does not mean that the notice of removal must in and of itself meet this burden." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021). Rather, "a removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (quoting *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)). As the Supreme Court has instructed with respect to the amount-in-controversy requirement, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "If the plaintiff contests

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-07519-MBK | | October 5, 2026 |
| Title | Ronnell Sims v. Ford Motor Company, et al. | | |

the defendant's allegation," "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id*. at 88 (citing 28 U.S.C. § 1446(c)(2)(B)). Plaintiff identifies no reason why a different approach is warranted with respect to determining citizenship under 28 U.S.C. § 1332(c). The Court therefore can permissibly consider the evidence that Defendant submitted with its opposition brief to determine whether there is complete diversity.

Plaintiff also argues that "a listed address on a Lease Agreement and service records is not sufficient to establish citizenship and complete diversity to overcome the strict presumption against removal jurisdiction." Dkt. 7 at 4. The Court disagrees. The Lease Agreement and service records demonstrate that Plaintiff has a residence in California and is regularly present in the state. "At a minimum, a person's residence constitutes some evidence of domicile." *See Alonso v. Mercedes-Benz USA LLC*, No. 2:25-cv-00934-MWC-AGR, 2025 WL 980146, at *2 (C.D. Cal. Mar. 31, 2025) (finding that evidence that a person that has a California drivers' license, has resided in Sylmar, California for at least 10 years, and serviced their vehicle in California is sufficient to establish citizenship); *In re Scripps Health Data Sec. Breach Litig.*, 581 F. Supp. 3d 1225, 1229 (S.D. Cal. 2022) (recognizing that "a person's residence constitutes some evidence of domicile"). The Ninth Circuit has held that "a party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change." *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 885 (9th Cir. 2013). As such, the Court concludes that Defendant has met its burden to show by a preponderance of the evidence that Plaintiff is a citizen of California and there is complete diversity between the parties.

**B. Amount in Controversy**

Plaintiff also challenges whether Defendant has met its burden to show that the amount-in-controversy exceeds $75,000. Defendant claims that Plaintiff's potential recovery on his claims under the Song-Beverly Act, Cal. Civ. Code § 1790 et seq., exceeds the jurisdictional threshold.

Under the Song-Beverly Act, a plaintiff can recover actual damages and other equitable relief, a "civil penalty which shall not exceed two times the amount of actual damages," and a "sum equal to the aggregate amount of costs and expenses, including attorney's fees." Cal. Civ. Code §§ 1794(a), 1794(d), and 1794(e). Actual damages under the Song-Beverly Act are equal to "the actual price paid or payable by the buyer" plus any incidental damages pursuant to §

1794, minus "any collateral charges such as sales or use tax, license fees, registration fees, and other official fees" and the "amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor." Cal Civ. Code § 1793.2(d)(2)(B)-(C). Civil penalties are available if the plaintiff establishes that the defendant's failure to comply with its obligations under the Act was "willful." Cal. Civ. Code § 1794(c).

In its Notice of Removal, Defendant estimates Plaintiff's actual damages at $38,557.47, which consists of Plaintiff's $15,250.00 down payment and $25,819.20 in total lease payments, less an estimated $2,511.73 for the mileage offset. Dkt. 1 at 5. Because Plaintiff seeks civil penalties under the Song-Beverly Act at an amount of two times Plaintiff's actual damages, Defendant estimates a potential civil penalty award in the amount of $77,114.94. *Id*. Defendant further asserts that "[b]ased on Ford's prior experience in similar matters, a reasonable estimate of Plaintiffs' attorneys' fees accumulated up to this point in litigation is $5,000.00," and that future litigation fees and costs could be conservatively estimated at $10,000. *Id*. at 6. Defendant therefore claims that Plaintiff's potential actual damages, civil penalty award, and attorney's fees exceed the $75,000. *Id*.

In its Motion, Plaintiff argues that Defendant did not support its estimates with evidence, such as a lease agreement, and that "the lease term did not yet end so the entire amount was not yet paid." Dkt. 5 at 7. However, Defendant attached the Lease Agreement to its Opposition and observes that the Song-Beverly Act permits recovery of "the actual price paid *or payable by the buyer*." Cal Civ. Code § 1793.2(d)(2)(B) (emphasis added). The Court therefore finds that the Lease Agreement constitutes sufficient evidence of the vehicle's value and that it is permissible to include the full value of the lease payments in determining Plaintiff's actual damages.

Plaintiff also argues that civil penalties are not properly included in the amount-in-controversy because "Defendant failed to make any showing that civil penalties are *likely* in this case." Dkt. 5 at 7 (emphasis in original). Numerous courts have addressed the issue of whether potential civil penalties under the Song-Beverly Act are properly included in an assessment of the amount-in-controversy under 28 U.S.C. § 1332(a). "Some courts have found that inclusion of civil penalties is improper without more of a showing by the defendant that such penalties are likely." *Zoroyan v. Mercedes-Benz USA LLC*, No. 2:24-CV-08063-AB-PVC, 2024 WL 4786138, at *3 (C.D. Cal. Nov. 14, 2024) (collecting cases). However, others have found it is sufficient that plaintiff seeks civil penalties and has sufficiently pled the claim. *See id.*; *Lee v. Mercedes-Benz USA LLC*, No. 2:25-cv-01127 MWC-SK, 2025 WL 980142, at *3 (C.D. Cal. Mar. 31, 2025) (observing that "courts in this Circuit have concluded that civil penalties should

be considered when determining the amount in controversy" and collecting cases).

This Court agrees with the latter view, which best adheres to relevant Supreme Court and Ninth Circuit authority. The "amount in controversy represents only the 'amount at stake in the underlying litigation,' not the likely liability." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 (9th Cir. 2020) (citing *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)); *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."). "In that sense, the amount in controversy reflects the maximum recovery the plaintiff could reasonably recover." *Arias*, 936 F.3d at 927 (citing *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018). The removing defendant need not prove the amount at issue, but "instead must only have 'some reasonable ground underlying'" it. *Id*. (quoting *Ibarra*, 775 F.3d at 1199). "Where a removing defendant has shown potential recovery 'could exceed'" the jurisdictional threshold "'and the [p]laintiff has neither acknowledged nor sought to establish that the [] recovery is potentially any less,' the defendant 'has borne its burden to show the amount in controversy exceeds' the threshold." *Id*. (quoting *Lewis*, 627 F.3d at 401). Further, Plaintiff's argument that Defendant is required to provide some additional "evidence that civil penalties will be awarded to include such penalties in the amount in controversy calculation would lead to the untenable result of Defendant having to prove up its own liability for civil penalties to demonstrate the amount in controversy." *Selinger v. Ford Motor Co.*, No. 2:22-cv-08883-SPG-KS, 2023 WL 2813510, at *9 (C.D. Cal. Apr. 5, 2023).

Here, Plaintiff's complaint seeks civil penalties and pleads that Defendant acted with the requisite "willfulness" to recover such penalties. *See* Dkt. 1-2 at 13 (alleging Defendant "intentionally concealed the truth"); *id*. at 40-41 (alleging Defendant "intentionally failed and refused to make restitution or replacement pursuant to the Song-Beverly Act"); *id*. at 46 (alleging Defendant intentionally concealed material information and acted "maliciously, oppressively, deliberately, with intent to defraud"). *See also id*. at 42 (alleging Defendant's "failure to refund the price paid and payable or to replace the Vehicle was intentional and justifies an award of a Civil Penalty in an amount not to exceed two times Plaintiff's actual damages"). Defendant has therefore met its burden to show Plaintiff could "reasonably recover" civil penalties in this action. *Arias*, 936 F.3d at 927.

In sum, Defendant has adequately shown that Plaintiff may recover $38,557.47 in actual damages and $77,114.94 in civil penalties. Because Plaintiff's potential recovery of actual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-07519-MBK | | October 5, 2026 |
| Title | Ronnell Sims v. Ford Motor Company, et al. | | |

damages and civil penalties far exceed $75,000, Defendant has met its burden to show that the amount-in-controversy is sufficient to establish diversity jurisdiction under 28 U.S.C. § 1332.[1]

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand is DENIED.

**Initials of Deputy Clerk** JM

[1] The Court therefore declines to address whether Defendant's estimate of Plaintiff's attorney's fees is properly included in the amount-in-controversy.